Yah Yorst, J.
The only method of commencing-civil actions in the courts of record of this state is by the service of a summons (Code, § 127). The method of service is provided for in § 134. The- *397 present case comes under the 4th subdivision of this section, and service of the summons could only be made, -so as to commence the action, by the delivery of a copy thereof to the defendant personally, unless the fact that the defendant was the sheriff of the city and county -of New York, and was prosecuted for the escape from the liberties of the jail of a party held by him under execution, justified a service other than per•sonal.
The service of the summons in this case was not made upon the defendant in person, but a copy thereof was delivered to John E. Gumming, the under-sheriff of the defendant, at the office of the sheriff, the defendant himself being absent therefrom. In default of an answer, on the 19th of last July a judgment, was entered against the defendant for the sum of seven hundred and fifty-five dollars and thirty-two cents.
The defendant makes oath that no summons in the •action was ever served upon him, and that the first intimation he had of the action and the judgment was from his attorneys on August 5, after the judgment was entered. The service on the under-sheriff, instead of the defendant in person, is claimed by the plaintiff to be justified under the provisions of the Revised Statutes (2 Eev. Stat., p. 285, §§ 55, 56; see 2 Edm. Stab, at L., 296). Section 55 provides, that it shall be the duty of the sheriff of every county to keep an office in some proper place in the city or village in which the county courts are held, of which he shall file a notice in the office of the county clerk. Section 56 provides -that every notice or other paper which shall be required to be served on any sheriff may be served by leaving the same at the office designated by him in such notice, •during the hours for which the office is required to be kept open. But if there be any person belonging to such office therein, such notice or paper shall be delivered to such person, and every such service shall be *398 deemed equivalent to a personal service on such sheriff.
It appears in the case that the sheriff, on January IS, 1874, filed in the office of the county clerk a notice specifying that the office of the sheriff of the county of New York is located in the basement of the new courthouse, in the City Hall park, and that the service was made at the sheriff’s office.
The provisions of the Revised Statutes above are-taken from article second of chapter three, and are embraced under the head ‘£ of the powers and duties of certain judicial officers.”
I am of the opinion that a summons in an action against the sheriff is not a “notice or other paper,” which may be served upon him by leaving the same at his office, or otherwise than by delivering the same to him personally.
The provisions of the Code referred to relate to the manner of bringing actions, and should not be held to include a suit against the sheriff for any act or omission in office, by which he has incurred a personal liability. The papers and notices which may be served upon the. sheriff, by leaving the same at his office, with his clerk or deputy, refer to the large class of papers and notices which are required by law to be served on the sheriff as such, by virtue of his office, and which do not concern him personally, as an action for an escape certainly does.
There are statutory notices respecting elections, precepts for the summoning of jurors, notices and orders to return execution, notices concerning redemption of real estate, papers on the surrender of bail, notices in respect to the non-acceptance of bail, and other official notices and papers, in respect to which it is the duty of the sheriff to provide official care and attention, and which might well be left at Ms office with the same effect as if left with himself.
*399 Even if the provisions of the Revised Statutes above referred to could be construed to embrace the service of notices or papers by which an action might be commenced against the sheriff, then, as to such method of service, the same are repealed by § 468 of the Code, and by the other sections above referred to, the latter of which establish the marnier in which actions may be commenced.
The judgment should be set aside, with costs.